```
1  WILLIAM D. HOWELL
   7119 E. Shea Blvd #109-401
2  Scottsdale, Arizona 85254
   Phn:   (602) 330-8599
3  Fax:   (602) 532-7360
4  Plaintiff
```

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 23 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM D. HOWELL, as a single man and assignee for the HOWELL LAW FIRM, LLC, an Arizona Limited Liability Company.<br><br>Plaintiff,<br><br>vs,<br><br>ARIZONA STORAGE INNS, KENNETH AND RACHEL HESS, husband and wife, JOHN FURLONG and Jane Doe Furlong, Husband and Wife; MARET VESSELLA and John Doe Vessella, Wife and Husband, the STATE BAR OR ARIZONA, John and Jane Does, 1-10.<br><br>Defendants. | No. CIV 100790 PHX ECV<br><br>**PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION TO ARIZONA STORAGE INN'S MOTION TO DISMISS**<br><br>(Oral Argument Requested) |

Plaintiff, pursuant to Fed.R.Civ.P 12, 15 (a) and 56 respectfully submits his Amended Response In Opposition to Motion to Dismiss in place and stead of the one filed on September 20, 2010. This Response is supported the Separate Statement of Material Facts, the following Memorandum of Points and Authorities, the pleading and court records, all incorporate herein by reference.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LAW AND ANALYSIS

### A. Plaintiff Is Assignee; Not Attorney for Howell Law, Firm LLC.

1. The Defendants assert that Plaintiff cannot bring a claim as Attorney for the Howell Law Firm, LLC. Plaintiff is bringing the claims as assignee for the Howell Law Firm, LLC.

2. The general rule in our state is well-settled that the valid assignee of a chose in action may bring a suit thereon in his own name. *Certified Collectors, Inc. v. Lenik*, 116 Ariz. 601, 602 (1977). The assignee need not be the full party in interest. *Id.* "The legal effect of an assignment of a non-negotiable chose in action is to merely transfer the interest of the assignor to the assignee." *Van Waters & Rogers, Inc. v. Interchange Resources, Inc.*, 14 Ariz.App. 414, 417 (1971). The assignee then "stands in the shoes" of the assignor, taking his rights and remedies as described in the assignment, subject to any defenses which the obligor or debtor has against the assignor prior to notice of the assignment. *Id.*

3. The Arizona Storage Defendants' claim that Plaintiff should be sanctioned because he listed the Howell Law Firm, LLC, along with himself, as a plaintiff is frivolous.

4. William D. Howell, pursuant to 28 U.S.C. § 1654, was entitled to file the Complaint on his behalf and as assignee of the Howell Law Firm, LLC. Thus, there is no basis for imposing any sanction.

5. Plaintiff respectfully requests to amend the caption to reflect his name individually, and as assignee for the Howell Law Firm, LLC.

### B. AZ Storage Lacked Legal Authority To Give Permission for State Bar to Enter Storage Unit Without a Warrant

6. Arizona Storage Defendants erroneously rely upon *Linch v. Thomas-Davis Medical Centers, P.C.*, 186 Ariz. 545, 547 (Ariz.App. 1996) for the proposition that an individual who

complies with a search warrant, cannot be held liable for complying with the order, even if the warrant is later found to be illegal. Arizona Storage Defendants state that since the court specifically defines a search warrant as a "court order" and since a party being served has no choice but to comply with the order, they are not liable under civil law for any consequences of disclosure. Arizona Storage Defendants' excuse that they were "just following orders" is no legal excuse at all.

7. The first flaw with this argument is that the Order Appointing Conservator, while a court order, is not comparable to a search warrant. The Order Appointing Conservator provided that the State Bar Defendants could take possession of the files, but did not provide them with the right to illegally enter the storage unit and it did not order the Arizona Storage Defendants to do anything. (SOF #1).[1,2]

8. It should be noted that the basis for taking possession of the files in the Petition for Conservatorship was that the Arizona Storage Defendants had reported that the files were abandoned [which if true would constitute a false statement by the Arizona Storage Defendants]. (SOF # 2).

9. The second flaw in this argument is that Supreme Court Rule 67 (a) specifically provides that the State Bar had to apply for a warrant authorizing the seizure of the files as follows:

---

[1] Plaintiff's Separate Statement of Material Facts Opposition to Arizona Storage Defendants Motion to Dismiss contemporaneously filed and incorporated herein by this reference.
[2] Arizona Storage Defendants erroneously cites *Fecht v. Price Co* , 70 F.3d.1078 (9th Cir.1995) for the legal proposition that because the Complaint refers to the Order of Conservatorship and the Contract, they can be attached to a subsequent motion to dismiss without turning it into a motion for summary judgment. In this case, the legal validity and legal effect of the Order of Conservatorship are both being question, thus for purposes of this ruling the standards of Rule 56 apply.

3

> "The conservator shall take immediate possession of all files and papers of the respondent. If such possession cannot be obtained peaceably, the conservator shall apply to the appointing court for issuance of a warrant authorizing seizure of the files. Probable cause for issuance of such a warrant shall be an affidavit executed by the conservator reciting the existence of the conservatorship and the fact that the persons in control of the premises where the files are or may be located will not consent to a search for, or removal of the files, or other facts showing that the files cannot be obtained without the use of the process of the court."

10. In the absence of a warrant, the Arizona Storage Defendants had no legal authority to consent to a search of the storage unit or to consent to the removal of the files.

11. The Complaint specifically states that Plaintiff was entitled to exclusive care, custody, and control of the property stored in the unit prior to a lien sale. (SOF # 3). A.R.S. §33-1704 (J) provides:

> "Unless the rental agreement specifically provides otherwise and until a lien sale under this article, the exclusive care, custody and control of all personal property stored in the leased self-service storage space remain vested in the occupant."

12. The Complaint specifically states that the Rental Agreement does not provide for transferring the exclusive care, custody, and control of the storage unit from the occupant prior to a lien sale. (SOF # 4). This allegation for purposes of the Rule 12 (b) is presumed true.

13. The Complaint specifically states that the Arizona Storage Defendants called the State Bar Defendants and informed them the bill had been paid. (SOF # 5). Thus, it can be reasonably inferred from facts set forth in the Complaint that the Arizona Storage Defendants knew that Plaintiff was entitled to the exclusive care, custody, and control of the storage unit and its contents when they (a) denied Plaintiff access to the storage unit and (b) gave the State Bar Defendants exclusive access to the storage unit.

14. The Complaints states that the Defendants conspired to invade the Storage Unit, of which

4

1  Plaintiffs were entitled to exclusive care, custody and control of all property therein, for the
2  purpose of depriving, either directly or indirectly, Plaintiffs with the equal protection of the laws
3  and their right to make and enforce contacts. (SOF # 6).

15. The Complaint also states that the Defendants conspired to for the illegal purpose of impeding, hindering, obstructing, and defeating, the due course of justice with the intend to deny Plaintiffs the equal protection of the laws, or equal privileges and immunities under the law, to injure them in and their property, with knowledge of the potential harm and/or with a reckless disregard for the substantial certainty of the substantial harm that would flow from their actions or omissions. (SOF # 7).

16. The Complaint states that Arizona Storage Defendants, breached their duty to protect and avoid knowingly allowing, substantially assisting, or encouraging, unauthorized third parties, access to Plaintiff's Storage Unit, thereby causing the loss of Plaintiff's property. (SOF # 8).

17. The Arizona Storage Defendants' claim that Plaintiff lost the rights to his property due to non-payment is patently disingenuous. The facts set forth in the Complaint establish that the outstanding bill had been paid and Plaintiff was in compliance with the terms of the Rental Agreement when the Arizona Storage Defendants gave the State Bar Defendants exclusive access to the storage unit.

18. It can be reasonably inferred from the facts set forth in the Complaint that, the Arizona Storage Defendants knew that they had neither the right to provide the State Bar access to the Storage Unit, nor the obligation to do so. Furthermore, the Arizona Storage Defendants made a conscience choice to assist, and act in concert with, the State Bar Defendant in their illegal quest to violate Plaintiff's constitutionally protected rights and seize and search Plaintiff's property contained in the storage unit.

### C. Complaint States Claim for 42. U.S.C. § 1985 Violation

19. The Arizona Storage Defendants state that even if a valid conspiracy claim can be conjured from the overall Complaint, Plaintiff has not and cannot show the required racial or class-based animus on behalf of Arizona Storage Inns.

20. "To come within the legislation a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States." *Id.* at 103.

21. "For a civil conspiracy to occur two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485 (2002).

22. The Complaint alleges that Plaintiff is an African American. (SOF # 9). It is not necessary that the Complaint allege that the Arizona Storage Defendants acted upon racial animus or knew every aspect of the State Bar's illegality. The Complaint sufficiently alleges a 1985 claim against the Arizona Storage Defendants because it alleges that the Arizona Storage Defendants assisted the State Bar Defendants in furtherance of their discriminatory and illegal objectives when they knowingly assisted the State Bar Defendants in an illegal search of Plaintiff's storage unit.

23. It further alleged, inter alia, that the State Bar Defendant discriminated against Plaintiff based upon his race in not giving him benefit afforded similarly situated white attorneys when it filed the conservatorship and violated his Fourth Amendment rights in conducting an illegal search of the storage unit. (SOF # 10). It further alleges that the Arizona Storage Defendants knowingly assisted the State Bar Defendants in furtherance its plan to illegally search Plaintiff's storage unit. (SOF # 11).

24. It can reasonable be inferred from the facts of the Complaint that the Arizona Storage Defendants knew that entrance into the storage unit was improper as the Complaint states that they informed the State Bar Defendants that the bill had been paid. Moreover, Arizona Storage Defendants were informed in writing, before it gave the State Bar Defendants access to the storage unit, that Plaintiff was entitled to exclusive access to the Storage Unit. (SOF #12).

25. Arizona Storage Defendants disingenuously cite *Estate of Hernandez v. Flavio*, 187 Ariz. 506 (1997) for the legal proposition that in Arizona, there is no civil action for conspiracy. First, it is well settled in Arizona that a Plaintiff my recover for the damages caused by a civil conspiracy. "The damage for which recovery may be had in such a civil action is not the conspiracy itself but the injury to the plaintiff produced by the specific overt acts." *Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 131, 412 P.2d 47, 63 (1966). Second, 42. U.S.C. § 1985 specifically provides a federal cause of action for conspiracy to violate a citizens' civil rights.

26. The Complaint properly articulates a cause of action against the Arizona Storage Defendants for working with the State Bar Defendants in furtherance of the conspiracy to illegally obtain Plaintiff's personal property in violation of his Fourth Amendment Constitutional rights.

### D. Complaint States a Plausible Claim for Arizona Storage Def. Liability

27. Arizona Storage Defendant assert that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. "In order to state a claim under 42 U.S.C. § 1983," [Plaintiff] "must show two essential elements: (1) that the defendants acted under color of state law; and (2) that the defendants caused them to be deprived of a right secured by the constitution and laws of the United States." *Howerton v. Gabica*, 708 F.2d 380, 382 ¶ 7 (9th Cir. 1983).

28. Arizona Storage Defendants allege that it is not a state actor because it is a private company that has no affiliation with the government or any state agency. "As the Court of Appeals correctly understood our cases to hold, to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). "It is enough that he is a willful participant in joint action with the State or its agents." *Id.* "Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions." *Id.* A private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor;" even if the state actor is immune from damages liability. See *Id.*

29. The Complaint alleges that Arizona Storage Defendants, (a) advised Plaintiff that, upon order of State Bar Officials, they would not allow Plaintiffs access to his Storage Unit (SOF # 13) and (b) advised Plaintiff that, upon the instruction of State Bar Officials, they would not allow Plaintiff to place his own lock on the storage unit (SOF #14) and (c) improperly gave the State Bar officials access to the storage unit to remove his personal property (SOF #15).

30. The Complaint sufficiently alleges that Arizona Storage worked in concert with State Bar Officials and engaged in an illegal agreement with State Bar Officials (conspiracy) for the purpose of allowing State Bar Defendants to illegally search Plaintiff's storage unit. The Complaint further alleges that the State Bar Defendants sought to illegally seize the materials in the storage unit for the purpose of obtaining material for possible use in potential disciplinary proceedings. (SOF #16).

31. It can be plausibly inferred from the facts set forth in the Complaint that the Arizona Storage Defendants knew that they did not have the legal authority to provide the State Bar Defendants with access to the storage unit because their Rental Agreement provided Plaintiff with exclusive custody and control of the property in the storage unit.

32. Is not necessary that the Complaint allege that the Arizona Storage Defendants knew that the State Bar Defendants were illegally discriminating against Plaintiff. It is only necessary that the Complaint state facts that sufficiently establish that they knew they were assisting the State Bar Defendants in violation of one or more of Plaintiff's constitutional rights; which further their illegal plan to discriminate.

33. The Complaint sufficiently alleges a nexus between the Arizona Storage Defendants' efforts to keep Plaintiff from securing the storage unit and providing the State Bar Defendants exclusive access to the storage unit for the purposes of conduction an illegal search of Plaintiff's storage unit and seizure of his personal property in violation of the Fourth Amendment of the Constitution.

34. The facts that can be reasonably inferred from the Complaint are that Arizona Storage Defendant, with full knowledge that the (a) Order Appointing Conservator did not contain any language giving the State Bar access to the storage unit, and (b) that Plaintiff was not in breach

9

of the Rental Agreement with Arizona Storage and (d) that Plaintiff was entitled to exclusive custody and control of the property in the storage unit, (e) denied Plaintiff access to the storage unit and (f) provided the State Bar Defendants with illegal access to storage unit for the purpose of conducting an illegal search and removing Plaintiff's personal property.

35. But for Arizona Storage Defendant's breach of its contractual obligation to not provide unauthorized access to the storage unit, the State Bar Defendant would have had to go back to the court and inform the judge that the property was not abandoned; which was the basis for seeking the conservatorship in the Petition for Conservatorship.

36. Arizona Storage Defendants allege that Plaintiff does not have a claim against Arizona Storage Inns for intentional interference with its own contract with him. This claim must be directed at a person who is not a party to the contract. The Complaint states that Plaintiff explained that he was to lose a $50,000.00 transaction if immediate access was not provided to his storage unit. (SOF #17). The Arizona Storage Defendants were not parties to the third party contract and were notified that the consequence of not providing Plaintiff with immediate access to his storage unit was the loss of a $50,000.00 transaction from the third party contract. (SOF #18). Thus, the Arizona Storage Defendants are responsible for interfering with the third party contract by unlawfully keeping Plaintiff from the documents required to consummate the third party contracts.

37. In pleading a claim for fraud, no particular or "magic" language is required so long as all nine elements of fraud can be found in the pleading viewed as a whole. *Ness v. Western Sec. Life Ins. Co.*, 174 Ariz. 497; 851 P.2d 122 (Ct.App.Div. 1 1992). The Complaint, taken as a whole, effectively pleads fraud. The Complaint states that the Arizona Storage Defendants knew, prior to removal of the Plaintiffs' property, from the Storage Unit that the factual basis

provided to the Court in seeking the Order of Conservatorship was false. (SOF # 19). It further states that Arizona Storage Defendants had a legal, fiduciary, or equitable duty to avoid making material misrepresentations that the Storage Unit had been abandoned. (SOF #20).

38. Finally, it states that the Arizona Storage Defendants breached those duties. (SOF # 21).

39. The Complaint properly alleges a claim for aiding and abetting. "An aiding-and-abetting claim requires proof of a causal connection between the defendant's assistance or encouragement and the primary tortfeasor commission of the tort, although "but for" causation is not required." *Security Title Agency v. Pope*, 1 CA-CV 07-0272, pg. 24 ¶ 47 (Ariz.App. 7-29-2008). "The test is whether the assistance makes it "easier" for the violation to occur, not whether the assistance was necessary." *Id*. "If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act." *Id*.

40. The reasonable inference from the facts in the Complaint is that the Arizona Storage Defendant aided and abetting the State Bar Defendants in conducing an illegal search and seizure of Plaintiff's property because it was a substantial factor in causing the harm and made it easier to search and seize Plaintiff property when they kept him out the storage unit and gave that State Bar Defendants access to the unit.

## II. CONCLUSIONS AND RELIEF REQUESTED

### E. Rules Provide for Amendment of Complaint if Necessary to Bring Into Compliance With Law

41. Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). "[L]eave to amend should be granted if it appears at all

possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (internal citations and quotations omitted).

42. Based on the foregoing, Plaintiff respectfully request the following relief:

**A.** That the Arizona Storage Defendants' Motion to Dismiss be denied in its entirely; or Alternatively, in the event the court finds any allegations in the Complaint are insufficient, Plaintiff respectfully request leave to amend; and

**B.** That the Court provided findings of fact and conclusion of law only in the event that the Court provides Arizona Storage Defendants any relief.

RESPECTFULLY SUBMITTED THIS 23rd DAY OF SEPTEMBER 2010

_____
**William D. Howell**
Plaintiff

## CERTIFICATE OF MAILING

ORIGINAL OF THE FOREGOING FILED THIS 23rd DAY OF SEPTEMBER 2010 WITH:

**CLERK OF THE FEDERAL DISTRICT COURT**
401 W. Washington
Phoenix, Arizona 85003

**COPIES MAILED THIS SAME DAY TO**

**Calvin Fuchs, Esq. 005427**
GALLAGHER & KENNEDY, P.A.
201 N. Montezuma, Street, Suite 201
Prescott, Arizona 86301
Attorney for State Bar Defendants
PHN:  (928) 445-5800
FAX:  (928) 445-5804

**Edward G. Hochuli**
**JONES, SKELTON & HOCHULI, P.L.C.**
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Attorney for Arizona Storage Inns & Hess Defendants
Tel:     (602) 623-1700
Fax:    (602) 651-7599

_____
William Howell