UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| WILLIAM D. HOWELL, et. al., | ) ) | |
| Plaintiffs, | ) ) | 2:10-cv-00790 JWS |
| vs. | ) ) | ORDER AND OPINION |
| ARIZONA STORAGE INNS, et. al. | ) ) | [Re: Motions at Dockets 9 and 21] |
| Defendants. | ) ) ) | |

## I.  MOTIONS PRESENTED

At docket 9, defendants State Bar of Arizona ("the State Bar"), John Furlong, Maret Vessella, Stephen Little, and Sallie Scott ("State Bar officials"; collectively "Defendants") move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b).  Plaintiff William D. Howell ("Mr. Howell") opposes the motion at docket 20.  Defendants' reply is filed at docket 25.  Oral argument was requested but would not assist the court.

At docket 21 Mr. Howell has filed the same document he filed at docket 20.  Of note, the document contains a request to strike materials filed by Defendants, and it is being tracked as a motion to strike by the Clerk.

## II.  BACKGROUND

This suit arises out of an Order of Conservatorship, issued by the Superior Court of Arizona, directing the State Bar of Arizona to take possession of Mr. Howell's files. Mr. Howell, a recently disbarred attorney, kept various client files in storage space at the Arizona Storage Inns.  On October 1, 2009, Kenneth Hess, manager of the Arizona Storage Inns, contacted the State Bar and informed Sallie Scott, Conservatorship Coordinator, that he believed Mr. Howell had abandoned the contents of his storage unit.  Mr. Hess informed the State Bar that the contents of Mr. Howell's storage unit, including his former clients' files, would be auctioned on October 22, 2009.  John Furlong, General Counsel and Deputy Executive Director for the State Bar, sought appointment of a conservator.

A hearing on the appointment of a conservator was held on October 21, 2009 at 9:00 a.m.  Whether the State Bar provided Mr. Howell with adequate notice of the hearing is in dispute, but Mr. Howell was not present.  The Superior Court entered an Order of Conservatorship at 9:05 a.m., which instructed the State Bar to take possession of the files in Mr. Howell's storage unit.  That day, Mr. Howell brought his account with Arizona Storage Inns current, but was denied access to the storage unit pursuant to the Order of Conservatorship.  Mr. Howell filed suit against Arizona Storage Inns, the State Bar, the State Bar officials and their spouses.  Mr. Howell seeks $1.5 million in compensatory and punitive damages, under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, Article II, § 8 of the Constitution of the State of Arizona, and the Fourth Amendment to the United States Constitution, for conspiracy to deprive him of his civil

rights, several contract-related claims, negligence, and unlawful search and seizure. The conservatorship proceeding is still pending in the Superior Court of Arizona.

### III.  STANDARD OF REVIEW

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[1]  Where the defendant brings a facial attack on the subject matter jurisdiction of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[2]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[3]

**B. Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[4]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]  "Conclusory

---

[1] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[2] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[3] *Id.*

[4] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[5] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

allegations of law . . . are insufficient to defeat a motion to dismiss."[6] To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[7]

## IV. DISCUSSION

### A. The Court Will Disregard the Defendants' Statement of Facts and Affidavits

Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[8] However, a "motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court and not expressly rejected by the court."[9] The issue is "whether the district court relie[s] on the extraneous material."[10] Because the court will disregard these materials in deciding Defendants' motion, Mr. Howell's motion to strike at docket 21 will be denied as moot.

### B. Sovereign Immunity Bars Recovery From the State Bar of Arizona

The Supreme Court has indicated that "[s]overeign immunity is jurisdictional in nature."[11] However, whether "Eleventh Amendment immunity is a matter of subject-

---

[6] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[7] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[8] Fed. R. Civ. P. 12(d).

[9] *Swedberg v. Marotzke*, 339 F.3d 1139, 1143 (9th Cir. 2003).

[10] *Id.*

[11] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

matter jurisdiction" has not been positively determined.[12] Regardless, Defendants have moved under both 12(b)(1) and 12(b)(6). Under either approach, if a defendant is entitled to Eleventh Amendment immunity, dismissal is appropriate.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[13] The Amendment also prevents a citizen from bringing a suit against his own state in federal court.[14] The bar extends to suits by citizens against state agencies.[15] The State Bar of Arizona is an arm of the Arizona Supreme Court. It is entitled to sovereign immunity.[16] The claims against the State Bar of Arizona are therefore barred by the Eleventh Amendment.

**C. Sovereign Immunity As To Claims Against The State Bar Officials**

Defendants argue that "the State Bar Officials are [also] entitled to immunity under the Eleventh Amendment."[17] Section 1983, however, was intended "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an

---

[12] *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 391 (1998).

[13] U.S. Const. amend. XI.

[14] *Hans v. Louisiana*, 134 U.S. 1 (1890).

[15] *See Edelman v. Jordan*, 415 U.S. 651 (1974).

[16] *See, e.g.*, *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708 (1995).

[17] Doc. 9 at 6.

official's abuse of his position."[18]  Government officials acting "under color of" state law are "persons" within the meaning of § 1983, and are therefore potential defendants under that section.[19]  When a state official is sued in his or her official capacity, "damages actions . . . will ordinarily be dismissed as barred by the state's sovereign immunity."[20]  This is so even under § 1983.[21]  But when a state official is sued in his or her individual capacity, the government treasury is not threatened and the Eleventh Amendment does not apply.[22]

Whether a defendant is sued in his or her personal or official capacity depends on the plaintiff's pleading–"official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."[23]  In official-capacity suits, the governmental entity is the real party in interest.[24]  A plaintiff must accordingly demonstrate that "the [governmental] entity's policy or custom . . . played a part in the violation of federal law."[25]  By contrast, "[p]ersonal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of

---

[18] *Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[19] *Id.*

[20] Richard H. Fallon, Jr., et. al., *Hart & Wechsler's The Federal Courts and the Federal System* 958 (6th ed. 2009).

[21] *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

[22] *See* Richard H. Fallon, Jr., et al., *Hart & Wechsler's The Federal Courts and the Federal System* 957 (6th ed. 2009).

[23] *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotations omitted).

[24] *Id.*

[25] *Id.* (internal quotations omitted).

state law."[26]  In personal-capacity suits, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."[27]  That is what Mr. Howell has attempted to do in the case at bar. Mr. Howell's complaint contains explicit reference to "[t]he State Bar of Arizona Actors . . . acting in both their individual capacity and under color of state law."[28]  Although this phrasing is awkward and may imply that Mr. Howell is suing the State Officials in both their official and individual capacities, it is a sufficient foundation, along with the few factual allegations in the complaint, to support a reasonable inference that Mr. Howell intended to include claims against the State Bar officials in their individual capacities.  Because Mr. Howell has included claims against the State Bar officials in their individual capacities, his § 1983 claims are not barred by sovereign immunity.  Of course, any claims he may have pled against them in their official capacities are barred by the Eleventh Amendment.

Defendants argue that "[i]n the alternative," Mr. Howell's § 1983 claims fail because state officials sued in their official capacities are not "persons" within the meaning of that section.[29]  Defendants cite *Will v. Mich. Dep't of State Police*.[30]  However, "the claims considered in *Will* were official-capacity claims; [and] the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the officer is sued, *not the capacity in which the officer inflicts the alleged*

---

[26]*Id.*

[27]*Id.*

[28]Doc. 1 at ¶ 12.

[29]Doc. 9 at 6 n.2.

[30]491 U.S. 58 (1989).

*injury.*"[31]  Although the allegedly violative conduct took place while the State Bar officials were acting in their State Bar capacities, that does not determine the nature of Mr. Howell's claims against them.

Government officials sued under § 1983 are frequently entitled to invoke some form of official immunity.[32]  There may be an issue concerning whether the State Bar officials are entitled to qualified immunity, but that is not currently before the court. Defendants suggest in a footnote that the Arizona Supreme Court Rules render the State Bar officials immune from conduct in the course of their official duties.[33]  Whether that proposition has merit has not been adequately briefed and will not be decided here.

### D. Potential Deficiencies in Mr. Howell's Complaint

In their reply brief, Defendants raise for the first time the question of whether Mr. Howell's complaint meets the applicable pleading standard.  Because Defendants' motion and initial supporting memorandum did not raise the argument that Mr. Howell's complaint fails to state a plausible claim for relief, that argument cannot be considered by the court in connection with the pending motion.

### E. Mr. Howell's Error Does Not Provide an Adequate Basis For Sanctions

Defendants have requested that the court impose "sanctions against Mr. Howell for bringing this lawsuit on behalf of The Howell Law Firm, LLC."[34]  Mr. Howell was the

---

[31]*Hafer*, 502 U.S. at 26 (emphasis added).

[32]*See, e.g.*, *Tenney v. Brandhove*, 341 U.S. 367 (1951).

[33]Doc. 9 at 6 n.2.

[34]Doc. 9 at 7.

sole and managing member of the firm.  Defendants' substantive support for the request comes primarily from state procedural rules.  Regardless of state procedural rules, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."[35]  This means that a managing member of a limited liability company may not appear in federal court on behalf of the entity.  It is clear that Mr. Howell has violated that rule by appearing on behalf of the Howell Law Firm in this case.

Under the Local Rules, "[t]he Court *may* make such orders [imposing sanctions] as are just under the circumstances of the case."[36]  "For violations of form, sanctions will be limited generally to fines, costs or attorneys' fees awards."[37]  Under the circumstances of the case, the court finds that sanctions would be unjust.  Mr. Howell improperly listed his former law firm–an entity with which he undoubtedly continues to identify, notwithstanding his disbarment–as a plaintiff in his complaint.  Mr. Howell is far from the first lay person to file a claim on behalf of his LLC–the court frequently sees this error.  Given that the court has now educated Mr. Howell on this point, it is highly unlikely sanctions are needed to deter future violations by Mr. Howell.

---

[35] *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993).

[36] LRCiv 83.1(f)(2)(F) (emphasis added).

[37] *Id.*

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion at docket 9 to is **GRANTED in part and DENIED in part** as follows: All claims against the State Bar of Arizona are **DISMISSED** with prejudice**,** any claims against the State Bar Officials in their official capacities are **DISMISSED** with prejudice leaving only claims against them in their individual capacities for resolution, and the request for sanctions is **DENIED**.  The motion to strike at docket 21 is **DENIED** as moot.

DATED this 1st day of October 2010.

                                                    /S/
                                      JOHN W. SEDWICK
                       UNITED STATES DISTRICT JUDGE