**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **WILLIAM D. HOWELL, et. al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **2:10-cv-00790 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| **ARIZONA STORAGE INNS, et. al.** | ) | **[Re: Motions at Docket 23, 26, 28, 29 ]** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## I.  MOTIONS PRESENTED

At docket 23, defendant Arizona Storage Inns moves under Rule 12(b)(6) to
dismiss the case for failure to state a claim.  After the time to respond had elapsed, at
dockets 26 and 28, Plaintiff William D. Howell ("Mr. Howell") moved for an enlargement
of time to file a response.  At docket 27, Arizona Storage Inns responded to the motion
at docket 26, and at docket 29, Arizona Storage Inns moved to strike Mr. Howell's
second motion for an extension of time.  Mr. Howell's late opposition to Arizona Storage
Inns' motion to dismiss is filed at docket 30.  Oral argument was requested by Mr.
Howell but would not assist the court.

## II.  BACKGROUND

This suit arises out of an Order of Conservatorship, issued by the Superior Court of Arizona, directing the State Bar of Arizona to take possession of Mr. Howell's files. Mr. Howell, a recently disbarred attorney, kept various client files in storage space at the Arizona Storage Inns.  On October 1, 2009, Kenneth Hess, manager of the Arizona Storage Inns, contacted the State Bar and informed Sallie Scott, Conservatorship Coordinator, that he believed Mr. Howell had abandoned the contents of his storage unit.  Mr. Hess informed the State Bar that the contents of Mr. Howell's storage unit, including his former clients' files, would be auctioned on October 22, 2009.  John Furlong, General Counsel and Deputy Executive Director for the State Bar, sought appointment of a conservator.

A hearing on the appointment of a conservator was held on October 21, 2009 at 9:00 a.m.  Whether the State Bar provided Mr. Howell with adequate notice of the hearing is in dispute, but Mr. Howell was not present.  The Superior Court entered an Order of Conservatorship at 9:05 a.m., which instructed the State Bar to take possession of the files in Mr. Howell's storage unit.  That day, Mr. Howell brought his account with Arizona Storage Inns current, but was denied access to the storage unit pursuant to the Order of Conservatorship.  Mr. Howell filed suit against Arizona Storage Inns, the State Bar, the State Bar officials and their spouses. Mr. Howell seeks $1.5 million in compensatory and punitive damages, under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, Article II, § 8 of the Constitution of the State of Arizona, and the Fourth Amendment to the United States Constitution, for conspiracy to deprive him of his civil

rights, several contract-related claims, negligence, and unlawful search and seizure.

The conservatorship proceeding is still pending in the Superior Court of Arizona.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil

Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a

motion, "[a]ll allegations of material fact in the complaint are taken as true and

construed in the light most favorable to the nonmoving party."[1]  Dismissal for failure to

state a claim can be based on either "the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory."[2]  "Conclusory

allegations of law . . . are insufficient to defeat a motion to dismiss."[3]  To avoid

dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible

on its face."[4]

### IV.  DISCUSSION

**A. The Court Will Strike Plaintiff's Untimely Opposition to the Motion to Dismiss**

At the threshold, the court must make a determination as to whether Mr. Howell's

untimely opposition to Arizona Storage Inns' motion to dismiss should be considered or

stricken.  That determination turns on whether Mr. Howell's untimely motions to enlarge

the time to respond have merit.

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[3] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[4] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, *before the original time or its extension expires*; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."[5]  Here, Arizona Storage Inns' motion to dismiss was filed on August 8, 2010. Mr. Howell had 14 days–until August 23, 2010–to respond.[6]  Mr. Howell's first motion to extend the time to respond was filed on September 7, 2010.  Mr. Howell's request was therefore not made, and the court did not act, before the original time to file a response expired.  Therefore the court could not have granted Mr. Howell's motion for an enlargement of time based on Federal Rule 6(b)(1)(A).

Under Federal Rule 6(b)(1)(B), an extension of time might have still been appropriate if the cause for delay was excusable neglect.  A finding of excusable neglect depends on "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[7]  In its opposition to Mr. Howell's first motion for an enlargement of time, Arizona Storage Inns states that

---

[5]Fed. R. Civ. P. 6(b)(1) (emphasis added).

[6]LRCiv 7.2(c).

[7]*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993)). The *Pioneer* factors govern analysis of excusable neglect in many situations, including application of Rule 6(b). *See In re Veritas Software Corp. Securities Litigation*, 496 F.3d 962, 973 (9th Cir. 2007).

-4-

it "should not be prejudiced because [Mr. Howell] continues to disregard the rules."[8]

Arizona Storage Inns did not elaborate on the nature of the prejudice it would be

subjected to.  While the court values expedience, there does not appear to be a high

danger of prejudice to Arizona Storage Inns, associated with permitting the late filing. In

the present case, the first *Pioneer* factor is not especially helpful, but probably weighs in

favor of a finding of excusable neglect.

The second factor requires an examination of the length of the delay and its

impact on the proceedings.  Mr. Howell's first motion was filed on September 7, 2010,

fifteen days after his response in opposition was due.  Mr. Howell requested an

additional five days.  Eight days later, on September 15, 2010, Mr. Howell filed another

motion for an enlargement of time, which requested an additional three days.  Five days

later, on September 20, 2010, Mr. Howell filed his response in opposition to the motion

to dismiss.  With the benefit of hindsight, it is clear that the proceedings were delayed

approximately twenty-seven days.  A twenty-seven day delay is undesirable, and while

its impact on the proceedings was not necessarily major, the delay itself was

substantial.  Accordingly,  this factor weighs against a finding of excusable neglect.

The third factor is the reason for the delay.  Mr. Howell states that he was unable

to meet the deadline because he was assisting an attorney in "researching and drafting

. . . post pleadings."[9]  Even if Mr. Howell were a licensed attorney at this time–and not

disbarred–most professional obligations do not constitute sufficient grounds for close to

---

[8]Doc. 27 at 2.

[9]Doc. 28 at 1.

a month-long delay in filing a response in opposition to a motion to dismiss.  The fact that Mr. Howell has been disbarred and chose to assist an attorney in a separate trial rather than fulfil procedural obligations *in his own lawsuit* calls his judgment into serious question.  This factor weighs decisively against a finding of excusable neglect.

The final *Pioneer* factor is whether the movant acted in good faith.  Arizona Storage Inns argues that the justification for Mr. Howell's request suggests that it was not made in good faith.  While the reason for the delay casts doubt on Mr. Howell's ability to prioritize, it does not necessarily indicate bad faith.  This factor cuts in neither direction.  In sum, two factors weigh against a finding of excusable neglect, one factor has limited analytical impact, and one factor weighs in favor of a finding of excusable neglect.  The court concludes that Mr. Howell's assistance to an attorney in a separate trial, while himself disbarred, does not constitute excusable neglect of procedural obligations in the case at bar.

Local Rule 7.2(i) provides that "[i]f a motion does not conform in all substantial respects with the requirements of th[e] Local Rules . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."[10]  In the alternative, "[a]fter notice and a reasonable opportunity to be heard, the Court upon its own initiative may impose appropriate sanctions upon the party . . . who without just cause: (A) violates, or fails to conform to, the Federal Rules of Civil . . . Procedure, [or] the Local Rules of Practice for the District."[11]

---

[10]LRCiv 7.2(i).

[11]LRCiv 83.1(f)(1).

Appropriate sanctions must be "just under the circumstances of the case" and may include "[a]n order striking, in whole or in part, pleadings, motions or memoranda filed in support or opposition thereto."[12]  An order striking Mr. Howell's opposition to the motion to dismiss is just under the circumstances of this case.  Of course, the court may not grant the motion to dismiss unless review of the motion shows that it has merit.[13]

**B. Mr. Howell's Complaint Fails to State a Plausible Claim for Relief**

**1. Howell Law Firm's Standing Is Immaterial**

Arizona Storage Inns argues that the Howell Law Firm lacks standing to sue Arizona Storage Inns and therefore, the suit should be dismissed.  This argument need not be addressed because even if the Howell Law Firm does not have standing to sue, Mr. Howell is suing Arizona Storage Inns personally.  Arizona Storage Inns joins a request, by the other defendants in the case, for sanctions against Mr. Howell for "representing" the Howell Law Firm while disbarred.  As discussed in the order and opinion disposing of the motion at docket 9, the court has declined to impose sanctions.

**2. The Complaint Does Not State a Plausible Claim For Relief Against Arizona Storage Inns**

Mr. Howell argues, essentially, that Arizona Storage Inns intentionally misrepresented to the State Bar of Arizona that his storage unit had been abandoned and that Arizona Storage Inns' misrepresentation formed the basis of an erroneous

---

[12]LRCiv 83.1(f)(2)(E).

[13] *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1996) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83.").

Order of Conservatorship.  Mr. Howell alleges in his complaint that Arizona Storage Inns thereby breached its rental agreement with him, along with a host of other legal duties, and wrongfully withheld access to the storage unit when complying with the Order of Conservatorship.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but not shown–that the pleader is entitled to relief."[15]  It is particularly relevant here that a court is "not bound to accept as true a legal conclusion couched as a factual allegation."[16]

Mr. Howell's complaint is founded on few factual allegations.  Construed in the light most favorable to Mr. Howell, the factual allegations in his complaint do not give rise to a plausible legal claim.  As a threshold matter, notwithstanding Mr. Howell's apparent argument to the contrary, repeated assurances by a party that payment will be made do not establish that the party will actually make those payments.  Therefore, representing the stored items as "abandoned" when rental payments had not been made for over two months, was not inaccurate–especially considering Mr. Howell's admission that his rental payments were not made prior to issuance of the Order of

---

[14]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[15]*Id.* at 1950 (internal quotations omitted). The Federal Rules require that a complaint contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).

[16]*Iqbal*, 129 S.Ct. at 1950.

Conservatorship.[17]  Moreover, by contacting the State Bar of Arizona, Arizona Storage Inns may have actually done Mr. Howell a favor, while acting well within its rights under the Rental Agreement.  Mr. Howell admits to having not made adequate payments "over the last couple of months."[18]  The Rental Agreement provides that Arizona Storage Inns was granted a lien upon all items stored on its premises "to secure it for any payment of storage charges due."[19]

Because Arizona Storage Inns had a possessory lien on the property in the storage unit, it was entitled to "take immediate possession of" it.[20]  Instead, Arizona Storage Inns recognized that the storage unit contained files of legal significance and contacted the State Bar of Arizona.  Arizona Storage Inns had a legal right to sell the contents of Mr. Howell's storage unit once Mr. Howell went into default, but it did not exercise that right.

Mr. Howell points to statutory language providing that "[u]nless the rental agreement specifically provides otherwise and until a lien sale under this article, the exclusive care, custody and control of all personal property stored in the leased self-service space remain vested in the occupant."[21]  However, the Arizona Revised

---

[17]Doc. 1 at ¶ 31.

[18]Doc. 1 at ¶ 45.

[19]Doc. 23-1 at 7. Generally, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (internal quotations omitted).

[20]Doc. 23-1 at 8.

[21]A.R.S. § 33-1704(L).

Statutes also provide that "[t]he appointment of a conservator vests in the conservator title as trustee to all property or to the part specified in the order of the protected person."[22]  Because the Order of Conservatorship was issued prior to Mr. Howell's payment, the facts alleged in Mr. Howell's complaint fail to state a plausible claim.

The rest of Mr. Howell's complaint consists of conclusory legal statements, for which Mr. Howell has not provided any basis in fact. Those are precisely the sorts of statements that a district court need not assume true when testing the sufficiency of a complaint pursuant to a 12(b)(6) motion.[23]

## V.  CONCLUSION

For the foregoing reasons, Defendant Arizona Storage Inns' motion at docket 23 to dismiss Mr. Howell's complaint for failure to state a claim is **GRANTED** and the claims against it are **DISMISSED**.  Plaintiff's motions at dockets 26 and 28 for enlargement of time to respond are **DENIED**.  Defendant Arizona Storage Inns' motion at docket 29 to strike the motion at docket 28 is **DENIED** as moot.

DATED this 1st day of October 2010.

_____/S/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[22]A.R.S. § 14-5420(A).

[23]*Iqbal*, 129 S.Ct. at 1950.