UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM D. HOWELL, ) | |
| Plaintiff, ) | 2:10-cv-00790 JWS |
| vs. ) | ORDER AND OPINION |
| ARIZONA STORAGE INNS, *et al.*, ) | [Re: Motions at Dockets 89, 93 & 94] |
| Defendants. ) | |

## I. MOTION PRESENTED

At docket 89, defendants John Furlong ("Furlong"), Steven Little ("Little"), Sallie Scott ("Scott"), and Maret Vessella ("Vessella") (collectively "defendants") move for summary judgment pursuant to Rule 56. At docket 93, plaintiff William D. Howell moves to enlarge the time for discovery and for an extension of time to respond to the motion at docket 89 and for an enlargement of time to file a motion pursuant to Rule 56(d). At docket 94, Howell moves pursuant to Rule 56(d) for an enlargement of time to file a response to the motion at docket 89. Defendants oppose those motions in a consolidated response filed at docket 96. Oral argument was requested by Mr. Howell, but would not assist the court.

## II. BACKGROUND

This suit arises out of an Order of Conservatorship, issued by the Superior Court of Arizona, directing the State Bar of Arizona to take possession of Mr. Howell's files. Mr. Howell is a disbarred attorney. Little was bar counsel during the disciplinary proceedings that resulted in Mr. Howell's disbarment.

Mr. Howell kept certain client files in storage space at the Arizona Storage Inns. On October 1, 2009, Kenneth Hess ("Hess"), manager of the Arizona Storage Inns, contacted the State Bar and informed Scott, the State Bar's Conservatorship Coordinator, that he believed Mr. Howell had abandoned the contents of his storage unit. Hess informed the State Bar that the contents of Mr. Howell's storage unit, including his former clients' files, would be auctioned on October 22, 2009. Furlong, General Counsel and Deputy Executive Director for the State Bar, sought appointment of a conservator.

A hearing on the appointment of a conservator was held on October 21, 2009, at 9:00 a.m. Whether the State Bar provided Mr. Howell with adequate notice of the hearing is in dispute, but Mr. Howell was not present. The Superior Court entered an Order of Conservatorship at 9:05 a.m., which appointed Vessella conservator and instructed the State Bar to take possession of the files in Mr. Howell's storage unit. That day, Mr. Howell brought his account with Arizona Storage Inns current, but was denied access to the storage unit pursuant to the Order of Conservatorship. Mr. Howell filed suit against Arizona Storage Inns, the State Bar, Hess, Furlong, Little, Scott, Vessella, and their spouses. Mr. Howell seeks $1.5 million in compensatory and punitive damages under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, Article II, § 8 of the Constitution of the State of Arizona, and the Fourth Amendment to the United States Constitution, for conspiracy to deprive him of his civil rights, several contract-related claims, negligence, and unlawful search and seizure. Furlong, Little, Scott, and Vessella are the only remaining defendants.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]  In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[4]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[5]  The burden of persuasion is on the moving party.[6]

### IV.  DISCUSSION

**A. Motion at Docket 93**

The deadline for fact discovery is December 30, 2011, and the deadline for all discovery is February 29, 2012.[7]  Mr. Howell seeks to enlarge the time for discovery "until sixty (60) days after the current discovery disputes in this matter are resolved."[8]  In his brief at docket 94, filed on November 2, 2011, Mr. Howell indicated that he would be

---

[1] Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[5] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] Doc. 87 at 5.

[8] Doc. 93 at 1.  Mr. Howell also sought an enlargement of time to file a motion pursuant to Rule 56(d), however, the court need not consider that request because Mr. Howell filed such a motion the day before his response was due.

"filing a companion Motion to Compel Discovery by the end of the week."[9]  No motion to compel was filed.  Mr. Howell is therefore seeking an indefinite extension of the time for discovery.

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent."[10]  Mr. Howell argues that defendants responded to various discovery requests by incorrectly asserting that documents were privileged and that defendants failed to provide a privilege log.  Mr. Howell has not, however, filed a motion to compel or presented his discovery dispute to the court in a manner by which it might be resolved.  His failure to do so suggests that his motivation is delay.  That conclusion is bolstered by defendants' representation that Mr. Howell has not attempted to resolve the dispute informally.  In any event, because the deadline for fact discovery has not passed, Mr. Howell has not demonstrated good cause to modify the scheduling order.

**B. Motion at Docket 94**

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it [or] issue any other appropriate order."[11]  "A party requesting a continuance pursuant to Rule [56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."[12]  Mr. Howell argues that defendants have failed to comply with their discovery obligations by wrongfully claiming that public documents are privileged.  Mr. Howell maintains that the information he seeks will establish that defendants defrauded the state court when seeking a conservatorship, that defendants knowingly seized personal property and not just client

---

[9]Doc. 94 at 1.

[10]Fed. R. Civ. P. 16(b)(4).

[11]Fed. R. Civ. P. 56(d)(1), (3).

[12]*Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

files from Mr. Howell's storage unit, that defendants were motivated by racial animus, that they conspired to deprive him of his civil rights, that they violated the Fourth Amendment, and that they lied to motivate individuals to file false complaints against him.[13]

Mr. Howell has not shown that the discovery he plans to seek would reveal facts "essential to justify [his] opposition."[14] He has instead offered a series of legal conclusions that might follow from discoverable facts. By failing to state what facts the additional discovery would reveal, Mr. Howell has not shown that any discoverable information that he has not yet received would affect disposition of defendants' summary judgment motion. Moreover, as described above, Mr. Howell has not filed a motion to compel discovery, and his inaction belies his contention that the fruits of such a motion would preclude summary judgment. It is unnecessary for the court to defer consideration of defendants' motion for summary judgment.

**C. Motion at Docket 89**

    **1. Arizona Supreme Court Rule 48(l)**

Defendants argue that they are immune from suit under Arizona Supreme Court Rule 48(l). That rule states that communications amongst participants in state bar disciplinary proceedings "shall be absolutely privileged conduct, and no civil action predicated thereon may be instituted against any complainant or witness."[15] It provides also that "state bar staff, and court staff shall be immune from suit for any conduct in the course of their official duties."[16] Mr. Howell's claims against defendants arise out of conduct performed in the course of their official duties. To the extent Mr. Howell has

---

[13] Doc. 94 at 6.

[14] Fed. R. Civ. P. 56(d).

[15] Ariz. R. Sup. Ct. 48(l).

[16] *Id.*

asserted state law claims against Furlong, Little, Scott or Vessella, defendants are immune. However, Rule 48(l) does not bear on Mr. Howell's federal claims.

**2. 42 U.S.C. § 1981**

Section 1981 of Title 42 provides that "[a]ll persons . . . shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."[17] Claims brought under § 1981 require proof of intentional discrimination.[18] Defendants maintain that they acted pursuant to their duties at the State Bar of Arizona and were motivated by an obligation to protect Mr. Howell's client files. Mr. Howell has not offered any evidence suggesting otherwise. There is no genuine dispute as to any material fact bearing on this claim.

**3. 42 U.S.C. § 1985**

A claim under 42 U.S.C. § 1985 requires proof of "(1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a right or privilege of as United States citizen."[19] Defendants maintain that they were acting pursuant to Arizona Supreme Court Rule 66(a), which requires appointment of a conservator where "reasons requiring protection of the public are shown."[20] Defendants argue that Mr. Howell's abandonment of client files warranted conservatorship proceedings. Mr. Howell has not offered any evidence that the conservatorship proceedings were intended to deprive Mr. Howell of equal protection of

---

[17] 42 U.S.C. § 1981.

[18] *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 537 (9th Cir. 1982).

[19] *Mustafa v. Clark County School Dist.*, 157 F.3d 1169, 1181 (9th Cir. 1998).

[20] Ariz. R. Sup. Ct. 66(a).

the laws.  There is no genuine dispute as to any material fact that would bear on Mr. Howell's claim under § 1985.

**4.  42 U.S.C. § 1986**

Section 1986 of Title 42 renders liable "[e]very person who, having knowledge that any of the wrongs conspired to be done . . . in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so."[21]  A successful claim under § 1986 requires proof of the elements of a claim under § 1985.[22]  Because Mr. Howell has not presented any evidence of a conspiracy intended to deprive him of his civil rights in violation of § 1985, he is unable to make out a claim under § 1986.

**5. Fourth Amendment**

Mr. Howell also alleges that defendants violated his Fourth Amendment rights by unlawfully seizing items from his storage unit.  Mr. Howell lost any legitimate expectation of privacy that he had in his storage unit when he failed to make rental payments on the unit, and Arizona Storage Inns was accordingly granted a lien on the items it contained.[23]  Mr. Howell's client files were removed from the storage unit pursuant to an order of conservatorship and with Hess's permission.  There is no genuine dispute as to any fact that would give rise to an unlawful search or seizure.

## V.  CONCLUSION

For the reasons above, Mr. Howell's motion at docket 93 for an enlargement of the time for discovery is **DENIED**.  The motion at docket 94 is also **DENIED**.

---

[21] 42 U.S.C. § 1986.

[22] *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

[23] *See* doc. 36 at 8–9.

Defendants' motion at docket 89 for summary judgment pursuant to Rule 56 is **GRANTED**. The Clerk shall please enter judgment for defendants.

DATED this 6th day of December 2011.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE